

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 20, 2013**

**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MICHAEL ANDREW KERGOSIEN, | § | CASE NO. 12-33246-HDH-7 |
| | § | |
| Debtor. | § | |
| | § | |
| CSC CAPITAL CORP., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADV. NO. 12-03189-HDH |
| | § | |
| MICHAEL ANDREW KERGOSIEN | § | |
| | § | |
| Defendant. | § | |
| | § | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Defendant, Michael Kergosien ("Kergosien"), was the sole shareholder, officer, and director of the Debtor, AAA Worldwide Financial Co. ("AAA"). AAA was a mortgage and home construction company. Kergosien filed bankruptcy under chapter 7 on May 23, 2012. On August 17, 2012, Plaintiff, CSC Capital Corp., filed the instant adversary proceeding related to

the chapter 7 case asserting various claims against Kergosien, including: breach of contract, denial of discharge, alter ego, and joint enterprise. The Defendant and individual Debtor in the underlying chapter 7 case filed an answer denying each of these claims on September 10, 2012. A hearing was held on October 9 and 10, 2013. This court took the matter under advisement.

The court rules in favor of the Defendant on all claims except breach of contract, finding that the Plaintiff has met its burden of proof for breach of contract, but has not for any of its other claims.

### a) Dischargeability

Under section 523 of the Bankruptcy Code, a debt may be deemed nondischargeable for numerous reasons. Plaintiff proposes that two of these provisions are applicable in this case: § 523(a)(2)(A) and (B). Under § 523(a)(2)(A), there is no discharge from a debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A).

Similarly, under § 523(a)(2)(B), no discharge is allowed for a debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by use of a statement in writing (i) that is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive." 11 U.S.C. § 523(a)(2)(B).

The record would not support a finding that the Debtor's obligation to Plaintiff under his guaranty was obtained by fraud or false pretenses or the like. And, the record does not support a

finding that the Debtor obtained the loan he guaranteed by providing a false, written financial statement upon which Plaintiff reasonably relied.

There is insufficient evidence to support a § 523(a)(2)(A) or (B) claim in this case. Defendant did not enter into the loan transaction with any apparent fraudulent intent and did not make any false representations in the transaction with Plaintiff. The arrangement between the parties worked well for a long time. It is the belief of this court that Defendant's non-repayment of the loan more likely stems from the crippling nature of the mortgage crisis and the effect it had on Defendant's business. For these reasons, the § 523 claims fail.

**b) Discharge**

Furthermore, Under 11 U.S.C. § 727(a), the Court shall not grant the Debtor his discharge if "(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property of the debtor, within one year before the date of the filing of the petition; or property of the estate, after the date of the filing of the petition; (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case; or (4) the debtor knowingly and fraudulently, in or in connection with the case (A) made a false oath or account; (B) presented or used a false claim; (C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or (D) withheld from an officer of the estate entitled

to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs." 11 U.S.C. § 727(a)(2)-(4).

Debtor was not a terrific witness on the discharge claim and he is under indictment for non-bankruptcy crimes in Mississippi. However, Plaintiff failed to show the requisite intent required to bar the Debtor's discharge. Plaintiff also did not establish by a preponderance of the evidence an improper transfer or concealment of recorded information. Plaintiff's claim that a statement of a debt on the Debtor's schedules that Debtor did not ultimately end up owing is not sufficient to support the § 727 claim as, generally speaking, debtors err on the side of stating any debts potentially owing on its schedules rather than not disclosing such information. Debtor is at least potentially liable for the claims of his company.

c) **Alter Ego and Joint Enterprise**

Alter ego is one basis for piercing the corporate veil and disregarding the corporate fiction. *See Seidler v. Morgan*, 277 S.W.3d 549, 557 (Tex. App.—Texarkana 2009, pet. denied). However, when a plaintiff has brought an action seeking to hold an agent personally liable for his own fraudulent acts, no piercing of the corporate veil is required. *See Sanchez v. Mulvaney*, 274 S.W.3d 708, 712 (Tex. App.—San Antonio 2008). In Texas, a corporation's agent is personally liable for his own fraudulent or tortuous acts, even if he is acting within the course and scope of his employment. *Id.* at 712. Alter ego applies "when there is such unity between corporation and individual that the separateness of the corporation has ceased and holding only the corporation liable would result in injustice." *Pinebrook Props., Ltd. v. Brookhaven Lake Prop. Owners Ass'n*, 77 S.W.3d 487, 499 (Tex. App.—Texarkana 2002, pet. denied).

A joint enterprise is found where there is an (i) agreement, express or implied, among the members of the group; (ii) a common purpose; (3) a community of pecuniary interest in that

purpose; and (iv) an equal right to a voice and right of control. *See St. Joseph Hosp. v. Wolff*, 94 S.W.3d 513, 530 (Tex. 2003). Further, "[a]n enterprise or project is most commonly defined by the common purpose or goal of its members." *Id.*

Plaintiff's case in these causes of action was not strong. Plaintiff did not establish the elements of alter ego by a preponderance of the evidence because it did not show that the Debtor and the company had unity between them. Additionally, not all of the elements of joint enterprise were shown. Plaintiff has not met its burden of proof on these claims.

Defendant, Michael Kergosien, was the sole shareholder, officer, and director of AAA, and often transacted on behalf of AAA. However, Kergosien's actions did not amount to a total disregard of corporate formalities with respect to AAA. *See In re Gillespie*, 269 B.R. 383, 389 (Bankr. E.D. Ark. 2001) (discussing the elements of the alter ego theory). For these reasons, Plaintiff's alter ego and joint enterprise claims do not succeed.

### d) Breach of Contract

The elements for a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Wright v. Christian & Smith*, 950 S.W.2d 411, 412 (Tex. App.—Houston [1st Dist.] 1997, no writ).

Plaintiff did prove all elements of breach of contract by a preponderance of the evidence. Debtor signed a corporate note, security agreement, and a guaranty and did not perform under these obligations. Further, counsel for the Debtor conceded in his closing argument that the contract was breached, but emphasized, and this court agrees, that the circumstances surrounding this breach of contract did not rise to the level of fraud to justify denying the Debtor's discharge.

### e) Conversion

"Conversion is the unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another to the exclusion of, or inconsistent with, the owner's rights." *Vibbert v. PAR, Inc.*, 224 S.W.3d 317, 321 (Tex. App.—El Paso 2006, no pet.). The elements of a conversion cause of action are: (1) the plaintiff, owned, had legal possession of, or was entitled to possession of the property; (2) the defendant assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with the plaintiff's rights; and (3) the defendant refused plaintiff's demand for return of the property. *Id.*

Plaintiff did not establish by a preponderance of the evidence all of the elements necessary to establish a conversion claim. Lacking was a showing of wrongful intent. It appears for the record that Debtor's business suffered a severe downturn during an unusual mortgage crisis. Debtor's actions did not amount to a conversion of Plaintiff's property. Further, some evidence in the record suggests that the Plaintiff acquiesced in at least some of the Debtor's actions to save his business. *See, e.g.*, Plaintiff's Exhibit 16.

**f) Fraudulent Inducement**

A claim for fraudulent inducement arises when a party is induced to enter into an agreement through fraud or misrepresentation. A claim for fraudulent inducement http://s3.amazonaws.com/ilovecoffee-img/uploads/coffee_dad/tweet.jpgshares the same elements as a simple fraud claim, *Amouri v. Southwest Toyota, Inc.*, 20 S.W.3d 165, 168 (Tex. App.—Texarkana 2000); *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 688 (Tex. 1990), which are: (1) that a material misrepresentation was made that was false; (2) that was either known to be false when made or was asserted without knowledge of its truth; (3) that was intended to be acted on; (4) that was relied on; and (5) that caused injury. *Amouri*, 20 S.W.3d at 168-69; *Formosa*

*Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998). A misrepresentation is a false statement of fact or a promise of some future performance made with the intent not to perform. *Eagle Properties, Ltd. v. Scharbauer*, 807 S.W.2d 714, 723 (Tex. 1990); *Trenholm v. Ratcliff*, 646 S.W.2d 927, 930 (Tex. 1983). In determining materiality, the court must examine "whether a reasonable person would attach importance to and would be induced to act on the information in determining his choice of actions in the transaction in question." *See, e.g., Reservoir Sys., Inc. v. TGS–NOPEC Geophysical Co., L.P.*, 335 S.W.3d 297, 305 (Tex. App.—Houston [14th Dist.] 2010); *Am. Med. Int'l v. Giurintano*, 821 S.W.2d 331, 338 (Tex. App.—Houston [14th Dist.] 1991). In the context of fraudulent inducement, a "representation is material if it induces a party to enter a contract." *Reservoir Sys., Inc.*, 335 S.W.3d at 305 (citing *Brush v. Riata Oil & Gas Corp.*, 984 S.W.2d 720, 727 (Tex. App.—Waco 1998, pet. denied)).

Plaintiff did not establish by a preponderance of the evidence the claim of fraudulent inducement. Missing was a clear showing that Debtor entered into the Loan Documents making a false material misrepresentation. It appears, instead, that the arrangement between the two parties was working exactly as planned until the mortgage crisis hit. In any event, Plaintiff has the burden of proof on all elements and has not met this burden.

Counsel for the Debtor shall prepare a judgment consistent with these findings and conclusions, including awarding an amount for breach of contract.

###End of Findings of Fact and Conclusions of Law###